UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

COSUD INTELLECTUAL PROPERTY
SOLUTIONS, P.C.

                        Plaintiff,

v.                                              **ORDER**

VOLANT HOLDINGS GmbH,                19-CV-11901 (PMH)

                        Defendant.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       COSUD Intellectual Property Solutions, P.C. ("Plaintiff") commenced the instant action on January 2, 2020 (*see* Doc. 1), and filed and Amended Complaint on January 9, 2020 alleging claims against Volant Holdings GmbH ("Defendant") for "judicial foreclosure" of a charging lien, breach of contract, unjust enrichment, and quantum meruit (Doc. 2). On February 26, 2021, the Court issued an Order permitting Plaintiff to seek entry of a default judgment. (Doc. 27). On April 20, 2021, Plaintiff obtained a Clerk's Certificate of Default (Doc. 36) and moved by order to show cause for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) (Docs. 37-40). After the issuance of the Order to Show Cause for default judgment on liability on April 22, 2021 (Doc. 41), the Court received a letter from the Swiss bankruptcy court (Doc. 45). The Court directed Plaintiff to set forth the effect of that communication on the pending motion for a default judgment and this action. (Doc. 46). Plaintiff filed letters on June 29, July 6, July 17, and August 12, 2021, concerning, *inter alia*, the communication from the Swiss bankruptcy court. (Docs. 47-50).

       Upon review and consideration of the documents submitted by Plaintiff in support of its motion and the papers submitted thereafter, Plaintiff's motion for a default judgment is DENIED without prejudice. Should Plaintiff elect to re-file, it shall include with its submission: (1) proof of

the propriety of service of process upon Defendant; (2) proof that Defendant agreed to pay the $149,591.81 representing the amount allegedly owed Plaintiff by TheraSyn and the $329,939.77 allegedly owed by Defendant; (3) proof that Defendant agreed to assume TheraSyn's debt; and (4) a memorandum of law in accordance with the Court's Individual Practices Rule 4(H), setting forth the legal support concerning the foregoing, and establishing that the Judiciary Law authorizes foreclosure of charging liens as set forth in its First Claim for Relief, that it authorizes the foreclosure of charging liens on patents, and a clear explanation of why the Swiss bankruptcy proceeding does not act as a stay of this action.

**SO ORDERED:**

Dated: White Plains, New York
        September 27, 2021

_____
Philip M. Halpern
United States District Judge